# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Joseph Roger Bummer

Case No. 10-5-1728 ASW

Amended Chapter 13 Plan

_____/
Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $475 each month.

   Initial attorneys fees are requested in the amount of $5,800.  ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|---|---|---|---|---|
| Ford Credit | 8,500 | n/a | 50 | 5.00% |
| Tax Collector - Santa Clara Co | 500,000 | 5,500 | 10 | 5.00% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
      X at a rate of _zero_ cents on the dollar. The estimated term of the plan is _40_ months. (Percentage Plan)
      __ the sum of $_____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| | | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   X revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   __ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): The priority non-dischargeable arrears owed on support claims collected by the Santa Clara County - Dept/Child Support shall be treated and paid as a secured claim, accruing and paying interest at 10% and with adequate protection payments (or minimum payments) of $100 per month. See attachment.

Dated: 5/17/11

Debtor Joseph Roger Bummer

Rev. 12/06

In re: JOSEPH ROGER BUMMER

ATTACHMENT TO CHAPTER 13 PLAN – Paragraph 7. Other provisions:

Address of Debtor(s)' Real Property: 3210 Silverland Dr, San Jose CA 95135
Real property is Debtor(s)' residence: Yes / ~~No~~   Fair Market Value: $ 500,000
Name of First Lender: CitiMortgage
Name of Second Lender: Citibank – Home Equity

First Lender:

The claim of First Lender, secured by a first deed of trust on the Debtor(s)' residence, shall be paid through a loan modification under the Making Home Affordable HAMP program or other similar modification program. An application for such modification is being submitted to First Lender's HAMP, Home Retention, or Loss Mitigation department for review under the HAMP guidelines. The Trustee shall disburse no funds on arrears claims to said First Lender. *If the Debtor(s)' application for such loan modification is denied and after all remedies available to the Debtor(s) are exhausted, the ongoing monthly mortgage payments shall revert to the terms provided in the operative loan documents and the Debtor(s) shall cure pre-petition and post-petition arrears directly.* Pending approval of a loan modification, Debtor(s)' post-petition monthly payments to First Lender shall be calculated based upon HAMP regulations, specifically 31% of Debtor(s)' gross income as shown on Schedule I: (31% of $ 7,216 ) equals $ 2,237 per month minus ($ 669 real property taxes and $ 0 real property insurance and $ 170 association dues), equaling $ 1,398 for principal and interest. Until the First Lender confirms to Debtor(s)' counsel in writing its establishment of an impound account for taxes, insurance, and association dues, Debtor(s) monthly payments shall be the principal and interest portion only. Thereafter, Debtor(s)' monthly payments shall also include the impounded portions, equaling the entire 31% of gross income as shown on Schedule I. Said monthly payments shall be due beginning on  June 2011 . The provision for these payments in the plan is not binding on the First Lender in any way and may be superseded by further order of this Court.

Second Lender:

____ The claim of Second Lender, secured by a second deed of trust on the Debtor(s)' residence, shall be paid through a loan modification under the Making Home Affordable 2MP program or other similar modification. A separate letter requesting such modification is being sent to Second Lender's 2MP, Home Retention, or Loss Mitigation department for review under the 2MP guidelines. The Trustee shall disburse no funds on arrears claims to said Second Lender. *If the Debtor(s)' application for such loan modification is denied and after all remedies available to the Debtor(s) are exhausted, the ongoing monthly mortgage payments shall revert to the terms provided in the operative loan documents and the Debtor(s) shall cure pre-petition and post-petition arrears directly.* Before approval of a loan modification, Debtor(s)' post-petition monthly payments to Second Lender, calculated pursuant to the 2MP regulations, shall be in the amount of $_____ and shall be due beginning on _____. The provision for these payments in the plan is not binding on the Second Lender in any way and may be superseded by further order of this Court.

____ The Second Lender is the holder of a secured claim and Debtor(s) shall continue paying the regular monthly mortgage payments in the amount of $_____. Pre-petition arrears secured by the value shown above, in the approximate amount of $_____ shall be cured by this plan, bear no interest, and be disbursed by the Trustee with $10 adequate protection payments.

__XX__ The Second Lender is not the holder of a secured claim and the rights of Second Lender (and its servicers, successors, agents, and assigns) shall be modified to void its lien encumbering Debtor(s)' said real property. Debtor(s) shall file a motion to value and avoid said lien.* The Trustee shall disburse no funds on arrears claims to Second Lender and Debtor(s) shall make no further payments on said loan, except in the event that a subsequent modified plan so requires. * The motion has already been granted.

____ There are no additional junior mortgages and there is no page 2 of this attachment.

Dated: 5/17/11

_____     _____
Debtor,                          Debtor, JOSEPH ROGER BUMMER
Rev. 1/11